OPINION
Appellant Rental Uniform Services, Inc. is a uniform rental service company, providing uniforms and other supplies for businesses. Appellant entered into a series of contracts with Wyn-Mold Plastics, relating to supplying uniforms for the operation of Wyn-Mold's business. Appellant agreed to supply the companies with uniforms on a weekly basis, and in return, Wyn-Mold agreed to pay a weekly fee based on the terms of the individual contracts. Each of the service contracts was for a period of sixty months, and each included a liquidated damage clause in the event the contracts were canceled by Wyn-Mold prematurely.
In April of 1998, appellee Florida Production Engineering acquired the assets of Wyn-Mold. The asset purchase agreement required the scheduled listing of assumed vendor supply contracts extending for a term of more than ninety days from the date of the agreement, and any contracts meeting this description but not noted on the schedule, were not assumed by appellee. The contract with appellant was not specifically listed on the schedule attached to the asset purchase agreement. Further, pursuant to the asset purchase agreement, appellant signed a consent and release, which stated that the settling creditor, appellant, released Wyn from any claim which appellant had, or would arise from or in connection to Wyn and/or the sale of the business. In exchange for the consent and release, Wyn paid appellant $6423.12.
Appellee continued to accept uniforms from appellant for a period of approximately four months. Thereafter, appellee terminated all services from appellant.
Appellant brought the instant action for breach of contract, alleging that appellee owed $85,500, the amount due pursuant to the liquidated damage clause in the contract.
Appellee moved for summary judgment, claiming it did not assume the contract between Wyn-Mold and appellant, and that all claims appellant had were settled by the terms of the consent and release agreement. The court granted the motion for summary judgment, dismissing appellant's complaint.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 WHETHER OR NOT THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN ISSUES OF FACT EXISTED WITH REGARD TO APPELLEE'S RATIFICATION OF THE CONTRACTS WITH APPELLANT.
Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law, construing the evidence most strongly in favor of the non-moving party. Civ. R. 56 (C).
Appellant argues that summary judgment is not appropriate, as reasonable minds could conclude that the contracts were impliedly ratified by appellee. Appellee presented evidence that the company had no knowledge of the contracts. However, appellant argues that Sandra Hedrick, appellee's Vice President for Procurement, had been Procurement Director of Wyn-Mold, and thus was aware of the contracts, and continued to act under them during the four months in which appellee rented uniforms from appellant. Appellant argues that well-established case law, providing that the knowledge of an agent prior to the inception of the agency is not impugned to the corporation, is distinguishable from the facts of this case, as Hedrick had knowledge of the contracts both before and during her agency.
Appellant presented no direct evidence that Hedrick had knowledge of the terms of the instant contracts. Appellant attempts to present the evidence concerning Hedrick's statements and knowledge of the contracts through the affidavit of Craig Boring. However, Boring's testimony concerning Hedrick's statements on knowledge of the contracts is hearsay. Appellant has produced no admissible evidence to demonstrate that appellee had knowledge of the terms of the service contracts, and impliedly ratified them.
Appellant also argues that the consent and release operated only to release the past debt owed to it by Wyn-Mold, and did not release any future claims regarding the contract in question. However, examining all of the documents in question, it is clear that appellee is entitled to judgment as a matter of law. The purchase agreement between Wyn-Mold and appellee specifically provided that contracts of a term of more than 90 days had to be listed on the attached schedule, or appellee would not assume these contracts. The instant contract was not on the schedule. Further, the service contracts between appellant and Wyn-Mold stated that if there is a sale of Wyn-Mold, Wyn-Mold agreed to give appellant notice of transfer 30 days prior thereto, and if this is not so given, the agreement would continue in force with the new owner. It is undisputed that the required 30 day notice was given in the instant case. In addition, the consent and release signed by appellant stated that in return for $6423.12 from Wyn-Mold, it agreed to release all claims arising out of and in conjunction with the sale.
The court did not err in entering summary judgment in favor of appellee.
The assignment of error is overruled.
The judgment of the Fairfield County Common Pleas Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Common Pleas Court is affirmed. Costs to appellant.
Gwin, P.J.
Farmer, J. concur.
Hoffman, J., dissents.